**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv481**

| | |
|---|---|
| DAVID E. SIMPSON, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>ROBERT LEAS, Assistant Public Defender, )<br>  Union County, North Carolina; )<br>MIKE KANE, Sergeant, Stallings Police )<br>  Department; )<br>UNITED STATES MARSHAL, Western )<br>  District of North Carolina; and )<br>UNION COUNTY SHERIFF'S )<br>  DEPARTMENT, )<br>)<br>    Defendants. )<br>_____)| ORDER |

**THIS MATTER** is before the Court upon initial review of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.    FACTUAL BACKGROUND**

Court records reflect that in October 2003, Plaintiff was convicted in this District of several financial crimes and sentenced to seventy-eight months imprisonment followed by a three-year term of supervised release. (Case No. 5:02cr43, Doc. No. 64: Judgment). Plaintiff completed his term of imprisonment and, on June 4, 2007, began serving his term of supervised release. (Id., Doc. No. 99 at 1: Petition for Warrant for Offender under Supervision). However, on July 22, 2007, Plaintiff was arrested by Union County, North Carolina authorities and charged with several burglary-related offenses. (Id. at 1-2). As a result, on August 7, 2007, another Judge in this District issued a warrant for Plaintiff's arrest for violating the terms of his supervised release. (Id. at 3). On February 26,

2008, the Government filed a Petition for a Writ of Habeas Corpus Ad Prosequendum. (Id., Doc. No. 10). On the following day, the Court issued the Writ for Plaintiff's transfer into federal custody in order to conduct his revocation proceedings. (Id., Doc. No. 102). On June 26, 2008, the Court held a final Revocation Hearing at which time it found that Plaintiff had violated the conditions of his supervised release term, revoked his release and sentenced him to thirty-six months imprisonment. (Id., Doc. No. 110). On July 2, 2008, Plaintiff reportedly filed a request for a speedy trial with State authorities. (Doc. No. 1 at 5). On July 15, 2008, Plaintiff was returned to the State's custody to face the burglary-related charges from Union County. (Id.).

By the instant Complaint, Plaintiff alleges that beginning in July 2007, Defendant Leas, who was appointed to represent him on the Union County charges, failed to assist him with obtaining a speedy trial in State court and failed to spend adequate time with him discussing those charges. (Id. at 10-11). He further claims that Leas has worked with the State prosecutor in an attempt to secure Plaintiff's conviction. (Id.). Plaintiff alleges that in June 2008 and January 2010, Defendant Mike Kane perjured himself while testifying about the Union County charges during Plaintiff's federal Revocation and State proceedings. (Id. at 8-9). Plaintiff further alleges that after he was sentenced in June 2008, Defendant U.S. Marshal withheld his paperwork and prevented him from being transferred to the federal Bureau of Prisons, despite his having allowed other inmates who also were facing State charges to be transferred to the BOP; and that Defendant U.S. Marshal should not have allowed him to be returned to State custody without having reviewed the writ. (Id.). Last, Plaintiff alleges that on March 22, 2010, when unidentified deputy sheriffs from Union County arrived at Craven Correction Institution ("CCI," hereafter), where he is being detained pending the resolution of the Union County charges, to transport him to court in Union County, a CCI officer subjected him to a cavity search. (Id. at 3). During that search one of the Union County deputies retrieved

2

"something" from the ground. (Id. ). Plaintiff asserts that as a result of the deputy's discovery, when Plaintiff returned to CCI, he was told by a correctional officer that he would continue to be subjected to cavity searches whenever he left his cell. (Id. at 4). Plaintiff further claims that the deputies caused the CCI officers to place him in segregated detention and to otherwise treat him unfairly and inhumanely at their facility. (Id.). Based upon the foregoing allegations, Plaintiff is seeking, inter alia, injunctive relief, a speedy State trial or a transfer to federal custody, and monetary relief. (Id. at 11 through 14).

## II. STANDARD OF REVIEW

To proceed with a case filed under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution by a person acting under color of state law. West v. Adkins, 487 U.S. 42, 49 (1988). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and to identify cognizable claims or dismiss the complaint, or parts thereof.

The Court has conducted an initial review of Plaintiff's Complaint and determined that his allegations are insufficient to state a constitutional claim for relief. Accordingly, Plaintiff's Complaint will be dismissed.

## III. DISCUSSION

Plaintiff sues his public defender, Robert Leas, for his alleged ineffective assistance and his failure to ensure Plaintiff's transfer into federal custody. (Doc. No. 1 at 10-11). However, the law is well settled that a defense attorney, whether privately retained or court-appointed, is not amenable to suit under § 1983 because defense counsel is not acting under color of law when performing the

traditional functions of counsel.  See Polk County v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); and Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action").  Therefore, Plaintiff cannot proceed with his allegations against Defendant Leas.

Plaintiff sues Sergeant Kane on the ground that he perjured himself while testifying at Plaintiff's federal and State proceedings.  Nonetheless, it is equally well-established that Defendant Kane enjoys absolute immunity from damages for the testimony which he gave in connection with Plaintiff's proceedings.  See Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983) (affirming decision that police officer who committed perjury was entitled to absolute immunity from civil damages in § 1983 action).  Consequently, Plaintiff also cannot proceed with his allegations against Defendant Kane.

Plaintiff sues the U.S. Marshal on the ground that he violated his rights by failing to ensure his transfer to the federal BOP following entry of the Court's judgment.  This claim is subject to dismissal for at least two reasons.  First, the record plainly shows that Plaintiff was brought into federal custody pursuant to a writ that expressly provided for his immediate return to State custody upon the conclusion of his federal proceedings. (Case No. 5:02 cr43, Doc. No. 102 at 1).  Therefore, the U.S. Marshal had no discretion in deciding whether or not to transfer Plaintiff to the federal BOP after he was sentenced by this Court.  Second, even if the Marshal had the authority to transfer Plaintiff to the BOP, Plaintiff does not have a constitutional right to serve his federal sentence before being required to appear in State court to answer for his State violations, particularly when those

4

violations preceded the imposition of his federal sentence. Therefore, Plaintiff cannot state a claim for relief on this basis. The claim against the United States Marshal must be dismissed.

Finally, Plaintiff sues the Union County Sheriff's Department, presumably on the basis of his claims that the retrieval by a Union County deputy of "something" which was found during a CCI officer's cavity search of Plaintiff's person has led to his being subjected to further searches and to his being treated unfairly at CCI. These allegations also fail for several reasons, the most notable one being Plaintiff's failure to even suggest that a Union County policy or custom was the moving force behind the challenged conduct. See Collins v. City of Harker Heights, Tex, 503 U.S. 115, 120-21 (1992) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). Indeed, the Collins Court repeated Monell's long-standing observation that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 121 (internal quotation marks and citation omitted). Consequently, in light of Plaintiff's failure to allege any basis for imposing municipal liability, his allegations against the Union County Sheriff's Department also must be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** in its entirety for its failure to state a claim upon which relief may be granted.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge